Missouri, Kansas & Texas Railway Company of Texas v. Basil Parrott.

### No. 1543.    Decided May 2, 1906.

**1.—Charge—Request for Specific Instruction—Contributory Negligence.**

A charge on contributory negligence which submits the specific act of plaintiff in question as a defense, if found to be negligence and to have proximately contributed to cause the injury, negligence being properly defined in another paragraph of the charge, is sufficient to justify the refusal of a requested instruction to the same effect, differing only in embracing also a definition of negligence; it was not necessary that such definition, once given, should be repeated in subsequent instructions specifically applying it to the facts. (Pp. 11, 12.)

**2.—Contributory Negligence—Open Switch.**

A locomotive engineer took his engine upon a spur track to clean out the ashes, leaving the switch open so that a train ran in on the spur and collided with his own engine while he was so engaged, causing his injury. Charge on the question of his contributory negligence therein considered and held sufficiently specific in its application of the law to the facts to justify the refusal of fuller instructions. (Pp. 10–12.)

Certificate of dissent from the Court of Civil Appeals for the Third District, in an appeal from Bastrop County.

Parrott sued the railway company and recovered judgment. Defendant appealed and the majority opinion reversed and remanded the cause, with a dissenting opinion by Justice Key; whereupon the question was certified to the Supreme Court.

*Page, Miley & Price,* for appellant.—Appellant having pleaded as one of its defenses that appellee was guilty of contributory negligence by his failure to personally see that the switch was properly set for the main track, and the proof showing conclusively that he did so fail, appellant had the right to prepare and demand the giving of a special charge, presenting for the consideration of the jury a fact, which, if found by them from the evidence to be true, established some material issue presented by the pleading. Missouri, K. & T. Ry. Co. v. Bishop, 34 S. W. Rep., 322; Planters Oil Co. v. Mansell, 43 S. W. Rep., 915; Houston & T. C. Ry. Co. v. Carruth, 50 S. W. Rep., 1038; Galveston Ry. Co. v. Simon,

54 S. W. Rep., 311; Neville v. Mitchell, 66 S. W. Rep., 580; Houston & T. C. Ry. Co. v. Patterson, 20 Texas Civ. App., 260; Koch v. Bruce, 20 Texas Civ. App., 637; Western U. Tel. Co. v. Andrews, 78 Texas, 305; Texas Trunk Ry. Co. v. Ayers, 83 Texas, 268; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 167; Texas & P. Ry. Co. v. Reed, 88 Texas, 448; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 639; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 58; St. Louis Ry. Co. v. Cassedy, 92 Texas, 527; Dallas v. Jones, 93 Texas, 44; St. Louis, S. W. Ry. Co. v. Hall, 12 Texas Ct. Rep., 377; San Antonio, A. P. Ry. Co. v. Kiersey, 12 Texas Ct. Rep., 793.

*S. L. Staples* and *J. W. Parker,* for appellees.—The railroad having specially pleaded the facts, which it claimed constituted negligence on the part of Parrott, will be confined to them; and the court, in determining the issue made, will look to the facts stated and not to the conclusions sought to be drawn from them. Railway v. DeHam, 93 Texas, 79.

The plea presented but one issue of contributory negligence, and that was the failure of plaintiff to personally see that the switch was properly set for the main track when he got his engine in the clear of the main track, as required by rule 104a, and this embraced the whole of the time after plaintiff got his engine "clear of the main track."

The method pursued by the court in his general charge was the same that has been followed by the district judges of this state for many years, and the method seems to have the sanction of the Supreme Court. Railway v. Finley, 79 Texas, 87-88; Galveston, H. & S. A. Ry. Co. v. Morris, 94 Texas, 509; Missouri Pac. Ry. Co. v. Lee, 70 Texas, 501.

It is not true, as stated by the majority, that the special instruction called the attention of the jury more "directly and pointedly to the circumstances which, if proven, would constitute contributory negligence upon the part of appellee," than the general charge. The "circumstance" to which the special charge "directly and pointedly" called the attention of the jury on the issue of appellee's contributory negligence was that "at the time . . . Parrott caused his engine to pass from the main track to said spur track or cinder pit he failed to see that the switch was properly set for the main track." The "circumstance" to which the main charge "directly and pointedly" called the attention of the jury on the issue of appellee's contributory negligence was his "failing to cause the switch to be thrown back for the main line after entering the spur track with his engine," or his "failing to have the switch closed after entering the spur track with his engine, in obedience to the requirements" of rule 104a. The only difference between the special charge and the main charge, insofar as pointing out the fact upon which the plea of contributory negligence was based, is in the verbiage. "They state in substance the same proposition." Galveston, H. & S. A. Ry. v. Morris, 94 Texas, 509.

WILLIAMS, Associate Justice.—This question is presented by a certificate from the Court of Civil Appeals of the Third District. The certificate shows that the appellee, Parrott, sued for damages for personal injuries sustained by him while serving the appellant railway

company, as a locomotive engineer, under the following circumstances. He took his engine upon a spur track to a pit therein, for the purpose of cleaning it of the ashes, etc., the switch connecting the spur with the main track being left open. While he was thus engaged, a train approached upon the main track and ran into the open switch, colliding with appellee's engine and injuring him. The pleadings and evidence of the appellee claimed that this was due to the negligence of the employes controlling the train; while those of the appellant asserted that appellee's own negligence in failing to see that the switch was closed caused or contributed to his hurt.

The instructions given by the trial court, so far as stated in the certificate, are as follows:

'1. Negligence, as used in this charge, is the failure to do that which a man of ordinary care would do under the same or similar circumstances, or doing that which a man would not do under such circumstances.

"2. Ordinary care, as used in this charge, is the care a man of ordinary prudence would use under the same or similar circumstances.

"3. By direct and proximate cause, as used in this charge, is meant a cause without which the accident would not have happened."

"And further instructed the jury as follows: 'Or if you believe from the evidence that plaintiff was guilty of negligence in failing to cause the switch to be thrown back for the main line after entering the spur track with his engine; or if you believe that rule 104a was in force at the time of plaintiff's injury and intended by the company to be observed by plaintiff, and that by his failing to have the switch closed after entering the spur track with his engine in obedience to the requirements of said rule, he was guilty of negligence . . . you will find a verdict for defendant.'"

The following special charge was requested by defendant and refused:

"If you believe from the evidence in this case, that at the time said Parrott caused his engine to pass from the main track to said spur track or cinder pit, he failed to see that the switch was properly set for the main track, and if you further believe that an ordinarily prudent man, under similar circumstances would have seen that said switch was properly set for the main track, and if you further believe that the failure of plaintiff to see that said switch was properly set (if you find that he did so fail) contributed to or was the direct and proximate cause of said accident and plaintiff's consequent injury, you are charged that the plaintiff can not recover in this case and you will return a verdict for the defendant."

It was upon the refusal of this instruction that the difference of opinion arose between the judges of the Court of Civil Appeals, the majority holding that it was reversible error and Mr. Justice Key dissenting.

The question certified is this: "Did the trial court err in refusing to give to the jury the appellant's special charge number 2, quoted in the foregoing statement?"

The majority and the dissenting justice agree that the pleadings and the evidence raised the question of contributory negligence, to be sub-

mitted to the jury, stated in the special charge, and that it is a correct statement of the law, but differ upon the question whether or not the point was sufficiently presented in the charge of the court. It is therefore unnecessary to state the pleadings and the evidence set forth in the certificate.

We are unable to see that the special instruction would have supplied anything that was lacking in the charge given. The objection is not tenable that the general charge only submitted the defense of contributory negligence in a general or abstract way and that, for that reason, the defendant had the right to a more specific instruction. Both instructions are specific, calling attention to the particular act or omission of plaintiff, pointed to by the evidence, upon which the charge of contributory negligence was predicated; and the question, therefore, is simply whether or not the special charge would have added to that given any further rule applicable to the case, and, as we have said, we do not see that it would have done so. The special instruction, as we understand its effect, gives only a part of the same rule more comprehensively laid down in the charge of court, giving, however, in the place of the term, negligence, its definition, or a paraphrase of it. The charges given embrace a definition of the word and, instead of repeating it in each succeeding paragraph, use the word defined, leaving the jury to apply the definition. This is a form of instruction very generally adopted by trial judges and is convenient as conducing to brevity of expression. We do not understand that a party has the right to have the court, after it has once defined a term, employ the definition instead of the word in all of the further instructions. That is a mere matter of arrangement which must generally be left to the discretion of the trial court. As was said in Willis v. McNeill (58 Texas, 478): "The phraseology and arrangement of the charge to the jury, when it conforms to the requisites of the statute and to the law of the case as applied to the issues and evidence, must be left, in a great degree, to the taste and discretion of the judge who gives it." Missouri Pac. Ry. v. Williams, 75 Texas, 9; Missouri Pac. Ry. v. Lehmberg, 75 Texas, 66; International & G. N. Ry. v. Brazzil, 78 Texas, 317.

It is said that the general charge is not so broad as that requested, in that the former might have been considered by the jury as applying to the conduct of plaintiff after he had gone upon the cinder pit, while the latter referred to his conduct at the time he passed with his engine from the main track to the spur, as well as after he had passed the switch and gone to the cinder pit. But we do not think this criticism of the main charge is well founded. The charge leaves the jury to determine whether or not plaintiff's failure to cause the switch to be thrown was negligence and, if so, makes it defeat his action. It puts no restriction whatever upon the rule given, its meaning being that, if such negligence were found, it had the stated effect, without any reference to the exact time when plaintiff should have caused the closing of the switch and when he failed to do so. The test given is whether or not there was negligence in his failure as the jury should find it to have occurred.

We therefore answer that the trial court did not err in refusing the special charge.