## Galveston, Houston & Northern Railway Company v. L. C. Morrison.

### Decided April 24, 1907.

**1.—Personal Injuries—Alighting from Train—Charge.**

In a suit for personal injuries caused by the failure of a railway company to stop its train at a station long enough to·allow a passenger to alight therefrom, charge of the court upon the duty of the railway company considered, and held not subject to the objection that it indicated the opinion of the judge on the question of negligence, and that it properly instructed the jury as to the degree of care required of railway companies in connection with its passengers.

**2.—Same—Charge—Construction.**

The charge of a court should be considered in its entirety and the different portions should be construed together as complementing and correcting or qualifying each other. When so considered the charge in the instant case held not subject to the objection that it permitted a recovery against the defendant although the plaintiff's wife may have been guilty of contributory negligence.

**3.—Special Charges—Case Limited.**

The case of Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635, does not hold that special charges as to a group of facts should be given when the same has been already fully presented by the court in its main charge.

**4.—Alighting from Moving Train.**

Whether or not alighting from a moving train is negligence is a question of fact to be determined by the jury.

Error from the Sixty-first District Court, Harris County. Tried below before the Hon. Norman G. Mttrell.

*Baker, Botts, Parker & Garwood* and *Lane, Jackson, Higgins & Wolters,* for plaintiff in error.

*Lovejoy & Parker* and *R. W. Houk,* for defendant in error.

FLY, CHIEF JUSTICE.—Defendant in error sued plaintiff in error to recover damages alleged to have accrued by reason of injuries inflicted on Amanda Morrison, his wife, through the negligence of plaintiff in starting its train while she was in the act of getting off a train on which she was a passenger. Trial by jury resulted in a verdict and judgment for defendant in error in the sum of one thousand dollars.

The facts justify the conclusions that Mrs. Morrison was a passenger on the train of plaintiff in error, on her way from Houston to Seabrook, that when she reached her destination and the train had stopped, she and her companions promptly started to get off, but as she reached the steps going down from the car the train was suddenly started and she was thrown to the ground and injured. Sufficient time was not given in which to allow passengers to disembark, and Mrs. Morrison did not jump off but was thrown off by the sudden starting of the car as she was in the act of getting off. The employees knew that there were passengers to get off at Seabrook. Mrs. Morrison was not guilty of contributory negligence.

In the first assignment of error the following charge is objected to: "The defendant company rested under the duty, in the matter of handling its train and allowing time for passengers to alight therefrom, to use that high degree of care which very prudent, cautious and competent persons would use under the same or similar circumstances; and if the defendant used that degree of care, it was not guilty of negligence; if it did not use that degree of care, it was guilty of negligence, and if by reason of and as a direct result of said negligence plaintiff's wife was injured, without contributory negligence on her part, defendant is liable for such damages, if any, as may have been occasioned by said injury." The criticisms of the charge are that it conveyed to the jury the impression that a certain act or omission constituted negligence, and that the degree of care should not have been given, but that it should have been left to the jury to determine the degree of care, under the circumstances, that was required of appellant. There was nothing in the charge that indicated the opinion of the trial judge on the

question of negligence, and it was proper to instruct the jury as to the degree of care required of railway companies in connection with their passengers. Appellant frankly admits that the very language of the charge is used in the case of International & G. N. R. R. v. Halloren, 53 Texas, 53, and other cases, but insists that it should not have been used by the trial court as it was out of place and confusing. It is stated that the definition of care in the case quoted was used by the court in demonstrating "the law of the case in the abstract, and expounding general principles, which would be out of place and frequently confusing when inserted in a charge to the jury." Whether the language was used in discussing an abstract proposition or not in the Halloren case, charges very similar to the one used in this case have often been approved. San Antonio Traction Co. v. Warren (Texas Civ. App.), 85 S. W. Rep., 26; International & G. N. Ry. v. Welch, 86 Texas, 203; Texas & Pac. Ry. Co. v. Miller, 79 Texas, 78; St. Louis, A. & T. Ry. v. Finley, 79 Texas, 85; Denison & S. Ry. v. Freeman (Texas Civ. App.), 85 S. W. Rep., 56.

The court submitted to the jury questions of whether Mrs. Morrison was a passenger on appellant's train, whether she was injured in alighting from the train and if such injury was caused by the negligence of appellant without contributory negligence on the part of Mrs. Morrison. The court stated the duties appellant owed to its passengers, the duty Mrs. Morrison owed to herself, and stated if she had not used ordinary care that she was guilty of negligence, which if it caused her injuries prevented a recovery on the part of appellee. The fifth paragraph of the charge closes as follows: "Whether there was or was not negligence on the part of plaintiff's wife, or of defendant, is a question of fact for you to determine from all the evidence, you being the sole and exclusive judges of the facts proved, of the weight of the evidence, and the credibility of the witnesses." Then follow the sixth and seventh paragraphs:

"Guided by these instructions, if you believe from a preponderance of the evidence that the defendant's passenger train, after being stopped at Seabrook Station, was started up by the employees in charge thereof, before a reasonable time had elapsed for passengers thereon to alight; and that the plaintiff's wife while in the act of alighting, if she was, by the motion of the train, thrown to the ground, was injured in any of the respects alleged in plaintiff's petition; and you believe the defendant's servants, in the moving and handling of said train, at the time and in the manner they did, did that which very prudent, cautious and competent persons would not have done under the circumstances, and that the manner of such moving and handling of the train was the direct cause of plaintiff's wife being thrown from the train, if she was, you will return a verdict for plaintiff, but unless you so find, you will return a verdict for defendant.

"However, if you do not believe from a preponderance of the evidence that the servants in charge of said train, failed to stop the same the time that very cautious, prudent and competent persons would have done under the circumstances in order to allow passengers

thereon to alight at said Seabrook Station; or, if you do not believe from a preponderance of the evidence that plaintiff's wife was thrown from the train while she was in the act of alighting therefrom; or, if you believe the servants in charge of said train, stopped the same the length of time that very prudent, cautious and competent persons would have done under the circumstances, to enable passengers to alight therefrom while the said train was thus stopped, if it was; or, if you believe that Mrs. Morrison failed to notify any agent or servant of defendant of her purpose or desire to get off said train at Seabrook Station, and in so failing, omitted to do that which a person of ordinary prudence would have done under the circumstances, and thereby directly contributed to her injury; or, if you believe that in attempting to alight from said train while the same was in motion, if she did, or in the manner of alighting therefrom, she did that which a person of ordinary prudence would not have done under the circumstances; or, if you believe that she was caused to be thrown or that she fell from the said train by the failure on her part to use the care that a person of ordinary prudence would have done in alighting from the car under the circumstances; or if you believe she jumped from the said moving train and that in so doing she did what a person of ordinary prudence would not have done under the same or similar circumstances, you will in either event named in this paragraph, find a verdict for defendant; although you·should further find from the evidence that the defendant company was also negligent in the particulars alleged by plaintiff."

The sixth paragraph of the charge is attacked by the second assignment of error on the ground that it permits a recovery on proof of negligence on the part of appellant and without reference to contributory negligence on the part of Mrs. Morrison. The paragraph must be read in the light of the preceding charges and the one immediately succeeding. When so read there is no room for the hypothesis that any jury could possibly have been misled into the view that a verdict should be rendered in favor of appellee although his wife may have been guilty of conduct proximately contributory to her injury. It is apparent that the court was not attempting to state all the conditions to a recovery in the sixth paragraph, because it began by telling the jury that they must be guided by the instructions already given. If they were guided by the instructions they could not have rendered a verdict for appellee if they found Mrs. Morrison guilty of contributory negligence. Galveston, H. & S. A. Ry. v. Roberts (Texas Civ. App.), 91 S. W. Rep., 375. There is no conflict between the different sections of the charge and they should be construed together as complementing and correcting each other. One part can be looked to for the purpose of qualifying another. Kauffman v. Babcock, 67 Texas, 241; Southern Pac. Ry. v. Aylward, 79 Texas, 677; St. Louis & S. F. Ry. v. McClain, 80 Texas, 85; Baker v. Ashe, 80 Texas, 356; San Antonio St. Ry. v. Watzlavzick (Texas Civ. App.), 28 S. W. Rep., 115; Rost v. Missouri Pac. Ry., 76 Texas, 168; East Line & R. R. Ry. v. Smith, 65 Texas, 167.

The charge, in its different sections applied the law fully and clearly to the facts and it was not error to refuse additional charges on the

same subject, as contended for in the third and fourth assignments of error. The case of Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635, was cited, of course, to sustain the assignments presenting errors as to the refusal of the special charges, but that overworked case does not sustain the assignments. While the language of that decision is very broad, it was not intended to hold that special charges as to a group of facts should always be given when the same has been fully presented by the court. In this case the requested charges presented the question of the contributory negligence of Mrs. Morrison in getting off the train after it had started, and on that subject the court charged as shown in paragraph seven hereinbefore copied. It was all that was necessary. Missouri, K. & T. Ry. v. Parrott, 100 Texas, 9.

The third and twelfth requested instructions were properly refused because they instructed the jury that it was negligence for Mrs. Morrison to jump off a moving train. It took the matter of contributory negligence from the jury and declared that it was negligence to attempt to get off a moving train. If Mrs. Morrison got off the train while it was moving it was for the jury to determine whether or not she was guilty of negligence in so doing. As said in Galveston, H. & S. A. Ry. v. Smith, 59 Texas, 406: "We have no statute which makes it an act of negligence to get off a moving train, and it would be error to instruct the jury that such act constituted negligence." See also Houston & T. C. Ry. v. Stewart, 14 Texas Civ. App., 705; Kansas & G. S. L. Ry. v. Dorough, 72 Texas, 108. The judgment is affirmed.

*Affirmed.*

Writ of error refused.