## YELLOW TRANSIT CO. v. KLAFF.

### No. 11033.

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1940.

Rehearing Denied Dec. 5, 1940.

Carl L. Phinney and Leroy Hallman, both of Dallas, for plaintiff in error.

Geo. W. Graham, of Houston, for defendant in error.

GRAVES, Justice.

For convenience the parties will be designated appellant and appellee.

This appeal is from a judgment of the county court at law No. 2 of Harris County, sitting without a jury, and after an ex parte trial, the appellant, although having filed answer, not having been present, wherein the appellee was awarded a $243 judgment against the appellant, as for the value of one carton of shoes, out of a total of eleven cartons, found by the court to have been turned over to the appellant—a motor carrier for hire—at Tulsa, Oklahoma, by the appellee, for transportation by it to himself at Houston, Texas, and not in fact so delivered.

In due course of procedure, the appellant presented its verified motion for a new trial on the ground that it had been unjustly denied a participation in the original trial through the unavoidable absence of its attorney, and thereby deprived of interposing a meritorious defense it had to the cause of action declared upon, setting the same out specifically, which motion, after an answer thereto by the opposing litigant, was overruled; whereupon the appellant excepted, and gave notice of appeal.

Most of the material facts are thus summarized in the appellant's brief:

"Defendant in error's attorney on September 26, 1939, notified plaintiff in error's attorney that this cause had been set down for trial at 2:00 P.M. on Tuesday, October 24, 1939. On September 29, 1939, plaintiff in error's attorney wrote to the court that due to a prior setting of a case for the 24th of October, 1939, by the Interstate Commerce Commission at Washington, D. C., it would be necessary for him to be in Washington on such date, and asked the Court to please pass the case to a later date, at which time such counsel would be ready to try the case. The Interstate Commerce Commission on September 13, 1939, set down for oral argument on October 24, 1939, at 10 A.M. in Washington, D. C., a cause being Docket No. MC–2118, H. H. Enders Truck Line, Inc., Common Carrier Application. The Court and his secretary-reporter state in their affidavits that they never received such letter. The secretary of plaintiff in error's attorney states that such letter was never returned to the office of the plaintiff in error's attorney. Plaintiff in error's attorney proceeded to Washington and argued the case above mentioned before the Interstate Commerce Commission on October 24, 1939, believing that a continuance had been granted in this cause. On the same date, however, this cause was tried in the absence of plaintiff in error or its attorney, and, without their knowledge, judgment was taken against it. Upon learning of said judgment on November 18, 1939, the plaintiff in error's attorney presented plaintiff in error's motion for new trial."

The averments in the new trial motion, declaring that appellant had a good defense upon the merits of the suit, are thus also epitomized in its brief:

"Such defense was that the carton of shoes claimed by defendant in error to have been lost by plaintiff in error was never turned over to plaintiff in error, but that defendant in error had knowledge of the fact that there were only ten cartons of shoes shipped via plaintiff in error's lines; that plaintiff in error has the signed delivery receipts of defendant in error which clearly show that the said defendant in error received all of the shoes shipped by it from Tulsa, Oklahoma, to Houston, Texas. Further, that the bill of lading issued by the shipper, the defendant in error, provided for only ten cartons of shoes and that that number was actually delivered to the defendant in error at Houston, Texas, as was required by such bill of lading."

Its contention on the appeal is concreted into this one proposition:

"The trial court erred in overruling plaintiff in error's motion to vacate its judgment, to re-open the case, and to grant a new trial herein, because plaintiff in error showed that it had been denied its day in court due to the unavoidable absence of its only attorney, and because plaintiff in error showed in addition thereto that it had a meritorious defense to the suit."

This court, after careful consideration of the record, concludes that the

learned trial court erred in refusing the prayed-for motion for a new trial, after proof of the fact that an unfortunate miscarriage of United States mail had apparently deprived appellant of the privilege of having the cause tried out upon its side; this court, in the absence of anything impeaching either, must accept the statements of both sides to the effect that the letter to the trial judge from the appellant's counsel requesting the re-setting of the cause for a later trial was duly mailed at Tulsa, as well as that it was never received by that official, or at his court in Houston; in other words, as indicated, that, however unusual such a result may be, in this instance there was such a miscarriage of the mail as to result in an ex parte trial of this cause; further, that the defense so declared upon, and of which appellant tendered proof in the motion for new trial, was a meritorious one, and comes within the holdings of our courts on that subject, as especially appears from such cases as Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690, and Lee v. Zundelowitz, Tex.Civ.App., 242 S.W. 279, writ of error dismissed.

■ The general rule in such situations is put this way in 31 Texas Jurisprudence, section 27, page 76: "The right of a litigant to be represented by counsel of his own selection familiar with his cause is a valuable right, an unwarranted denial of which constitutes ground for new trial. To be entitled to relief the applicant must show that his failure to be represented at the trial was not due to fault or negligence, that he has a meritorious defense. * * *"

That statement of the law is fully supported by adjudicated cases, see Missouri, K. & T. Ry. Co. v. Parrott, 100 Tex. 9, 92 S.W. 795; Young v. State, 47 S.W.2d 320; Farmers' Gas Co. v. Calame, Tex.Civ.App., 262 S.W. 546; Hovey v. Halsell-Arledge, Tex.Civ.App., 120 Tex.Cr.R. 39, 176 S.W. 897; Kansas City, M. & O. R. Co. v. Imboden, Tex.Civ.App., 176 S.W. 900; Arnold v. Ft. Worth & D. S. P. R. Co., Tex.Civ.App., 8 S.W.2d 298; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly, Tex.Civ.App., 189 S.W. 1083; Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124, 126.

Of these citations, the Apache v. Watkins & Kelly case, supra, seems directly in point (quoting from appellant's brief): "There, as here, the attorney who was familiar with the case was engaged in the trial of another case which had been set long prior to the case on appeal. The court held that a good excuse for his absence had been shown, and that the case should not have been tried in his absence, and for this and other errors, reversed and remanded the case."

Likewise in the Craddock case, supra, the Supreme Court, in a situation analogous to that obtaining here, announced this doctrine: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. This is a just rule. It prevents an injustice to the defendant without working an injustice on the plaintiff. Such a rule has the sanction of equity."

■ So that, upon the whole, it seems plain that appellant in this instance was deprived of the substantial right of being represented by counsel on that trial, as well as of an opportunity to present the defense it claimed it had, by a mere fortuity, and not through any neglect upon its own part, or negligence upon that of its attorney; its counsel, after having written and mailed his letter to the trial court, very naturally and not illogically assumed, in the absence of a refusal by reply upon the court's part, that his request had been granted, and, relying upon that, proceeded to Washington to the trial of another case that had been set for trial before this one had been; it cannot well be said that a man of ordinary care and prudence would not have done likewise, under the same or similar circumstances. Missouri, K. & T. R. Co. v. Parrott, supra.

It is likewise reasonably clear that, had the evidence for both sides been received, and appellant had shown that the carton of shoes in question had never been in fact turned over to it for transportation, and that the appellee had then known that only ten cartons of shoes had ever been shipped from his Tulsa office, a different result would have been had on the trial.

Without further discussion, the judgment of the trial court will be reversed and the cause remanded for another trial.

Reversed and remanded.