## MAEDING v. MAEDING.
### No. 11262.

Court of Civil Appeals of Texas. Galveston.

Oct. 23, 1941.

Rehearing Denied Nov. 13, 1941.

Bernard A. Golding, of Houston, for appellant.

Peareson & Peareson, of Richmond, for appellee.

MONTEITH, Chief Justice.

This is an appeal by appellant, Emma Maeding, from a judgment of the district court of Fort Bend County granting the application of appellee, Paul G. Maeding, to probate the last will and testament of her husband, Ferdinand Maeding, deceased. Judgment had been rendered by the county court of Fort Bend County admitting said will to probate, from which judgment appellant, Emma Maeding, had perfected an appeal to the district court of Fort Bend County. On March 24, 1941, in the absence of appellant and her attorney, judgment was rendered in the district court of Fort Bend County in favor of appellee admitting said will to probate in an ex parte trial, without a jury, although a contest had been filed thereto by appellant, who was not present at said trial. In due time appellant filed her motion to vacate and set aside said judgment and for a new trial on the ground that she had been unjustly denied a participation in the original trial through the unavoidable absence of her attorney and that thereby she had been deprived of her right to interpose a meritorious defense which she had to appellee's cause of action, which defense was specifically set out in appellant's said motion to set aside said judgment and for a new trial. After a hearing before the trial court, appellant's said motion was overruled, upon which action of the trial court appellant predicates this appeal.

The record shows that a letter from appellee's attorney was sent to the office of

appellant's attorney at Houston, during his absence from the city, advising him that the Maeding case had been set for trial on the docket of the district court of Fort Bend County on Monday, March 24, 1941, This letter was received by appellant's attorney on his return to Houston on Saturday, March 22, 1941. After receiving said letter, appellant's counsel immediately ascertained that the case of Self v. Federal Underwriters was set for trial on the docket of said court ahead of the Maeding case. He was informed by counsel in said cause that the Self case would in all probability go to trial on the morning of March 24 ahead of the Maeding case and that the trial of the Self case would require several days. Further, appellant's counsel was notified by the bailiff in the 127th Judicial District Court of Harris County that certain exceptions and demurrers in a cause in which he was counsel for the plaintiff would be called at 9 o'clock on the morning of March 24, 1941, and that his presence was required in said case by the court at such hearing. Counsel for appellant appeared in said district court of Harris County at this hearing and upon the disposition of the demurrers and exceptions he immediately proceeded to Richmond, Texas, for the purpose of ascertaining the condition of the docket of the district court of Fort Bend County, arriving there during the noon hour, at which time he learned that the case of Self v. Underwriters had been re-set by agreement of the parties and that at about 11 o'clock A. M. on March 24, 1941, appellee's counsel, in the absence of appellant and her counsel, had taken a judgment against appellant after an ex parte trial without advising appellant's counsel or his office of his action in doing so. Immediately after learning of the entry of said judgment in his absence and in the absence of his client, appellant's attorney filed a motion to vacate and to set aside said judgment and for a new trial. This motion was later amended and was overruled by the trial court.

In contestant's first amended motion to set aside and vacate said judgment and for a new trial the above facts were fully set out. She further set out in said motion that she had a valid defense to appellee's cause of action, which defense was that she was prepared to prove that a will later in date than that submitted for probate by appellee had been executed by her husband, the deceased, and that the latter will revoked the will offered by appellee for probate. Appellant further set out in said application and motion that she was ready and willing for said cause to be set for trial at any reasonable date thereafter that the court might suggest, in the event the judgment of the trial court was set aside and a new trial granted.

The questions presented in this appeal are whether the court erred in overruling appellant's motion to vacate and set aside said judgment and to grant a new trial, (1) for the alleged reason that she had been denied her day in court due to the unavoidable absence of her only attorney and counsel, and (2) whether said motion presented a meritorious defense to appellee's cause of action and was filed at a time when the granting thereof would not occasion an injury to appellee.

After a careful consideration of the record, this court is of the opinion that the trial court erred in refusing to set aside said judgment after proof of the facts that appellant's counsel had been reliably informed that the case preceding the Maeding case would in all probability go to trial on the morning of March 24, and that he was required by the Judge of the 127th District Court of Harris County to be present at the latter court on the morning of March 24, 1941, for a hearing in connection with a case that had been previously set, and that immediately upon concluding the hearings in the 127 District Court of Harris County he proceeded to Richmond in Fort Bend County where he for the first time learned that a judgment had been taken against his client in his absence and in the absence of appellant, an hour or so before his arrival.

The facts above set out include an affidavit from the Hon. Kenneth McCalla, Judge of 127th District Court of Harris County, stating that appellant's counsel had been present in his court room until about 11 o'clock A. M., on the morning of March 24, 1941, in connection with a hearing in the case of Schneider v. Goose Creek Independent School District which had been set prior to March 24, 1941, and an affidavit of Hon. Shirley N. Helm, counsel for plaintiff in the cause of Self v. Federal Underwriters, to the effect that he had notified counsel for appellant that the Self case was the first case on call in the district court of Fort Bend County on March 24, 1941; that he had expected to go to trial at that time, and that the hearing of said case was afterwards postponed

but that he did not notify appellant's counsel of such action.

The above affidavits, which were made a part of appellant's motion for a new trial, were introduced in evidence at said hearing and none of the facts therein were disputed by appellee.

■■ The general rule with reference to the right of a litigant to be represented by counsel of his own selection is aptly stated in 31 Tex.Jur. Section 27, page 76, which reads: "The right of a litigant to be represented by counsel of his own selection familiar with his cause, is a valuable right, an unwarranted denial of which constitutes grounds for new trial. To be entitled to relief the applicant must show that his failure to be represented at the trial was not due to his fault or negligence, that he had a meritorious defense, *. * * ." Yellow Transit Co. v. Klaff, Tex.Civ.App., 145 S.W.2d 264; Missouri, K. & T. Ry. Co. v. Parrott, 100 Tex. 9, 92 S.W. 795; Young v. State, 120 Tex.Cr.R. 39, 47 S.W. 2d 320; Farmers' Gas Co. v. Calame, Tex. Civ.App., 262 S.W. 546; Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d 124; Apache Cotton Oil & Mfg. Co. v. Watkins & Kelly, Tex.Civ.App., 189 S.W. 1083. ·

In the case of Yellow Transit Co. v. Klaff, Tex.Civ.App., 145 S.W.2d 264, 266, in which the facts are similar in all material respects to those in the instant case, the court in its opinion says: "There, as here, the attorney who was familiar with the case was engaged in the trial of another case which had been set long prior to the case on appeal. The court held that a good excuse for his absence had been shown, and that the case should not have been tried in his absence, and for this and other errors, reversed and remanded the case."

In the case of Craddock v. Sunshine Bus Lines, supra [134 Tex. 388, 133 S.W.2d 126], in which the facts are similar to those in the instant case, the court in its opinion says: "A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.

This is a just rule. It prevents an injustice to the plaintiff * * *. Such a rule has the sanction of equity."

■ It is the general rule in this state that a defendant who has had his case tried without being present is not required to try the case on motion for a new trial to determine whether he has a meritorious defense. He is only required to show a state of facts from which it may be determined that he was deprived of making a defense that he was entitled to make, and would have made and that injustice had resulted to him by reason of the fact that the case had proceeded without the presentation of such defense. Yellow Transit Co. v. Klaff, Tex.Civ.App., 145 S.W.2d 264; Lee v. Zundelowitz, Tex.Civ.App., 242 S.W. 279; Holliday v. Holliday, 72 Tex. 581, 10 S.W. 690.

■ In the instant case it is uncontroverted that appellant's counsel, through no fault of his own, did not receive the communication from counsel for appellee until two days before the setting of the Maeding case; that he immediately ascertained that the Self case preceded this case on the docket of the district court of Fort Bend County and that he was informed by counsel in the Self case that it would in all probability go to trial and that the trial thereof would require several days. It further appears that counsel for appellant was summoned by the Judge of the 127th District Court of Harris County to represent his client before that court and that immediately after he was released from the district court of Harris County he proceeded to Fort Bend County and, within two hours after said judgment had been rendered in favor of appellee, he presented above facts to the Judge of the district court of Fort Bend County and informed him that he had a meritorious defense to appellee's cause of action and stated to the court that he was prepared to try the case at any time the court might suggest.

Under above facts it appears that appellant was deprived of a substantial right of being represented by counsel, as well as of an opportunity to present the defense she claims to have had to appellee's cause of action, through no negligence on the part of herself or her attorney.

It follows that the judgment of the trial court must be reversed and the cause remanded for another trial.

Reversed and remanded.