LEONIDAS HOLLIDAY V. ANDREW J. HOLLIDAY.

No. 2661.

1. **Practice—Setting Cases for Trial.**—Without the consent of the district judge neither party nor their attorneys can set a case for trial upon a day of the term other than upon its regular call upon the docket.

2. **Practice—Mistake.**—An agreement in terms to set a case upon a day other than on its regular call was shown, but without the consent of the judge of the court, being acted upon by counsel of one of the parties, *held*, that it was a sufficient excuse for the absence of the counsel, and where the attendance of the client was prevented from sickness his own absence upon the trial nor his failure to procure other counsel will prevent the granting of a new trial upon a motion showing merits.

3. **Motion for New Trial.**—While accounting for the absence of his counsel and self at the trial the motion must further show a meritorious cause of action or defense by specific allegations of the facts under oath.

APPEAL from Brazos.   Tried below before Hon. John N. Henderson.. The opinion gives a statement of the case.

*J. Earl Preston*, for appellant.

*Ford & Doremus*, for appellee.— To entitle appellant to a new trial it was necessary for him to show in his application that he had a meritorious defense or cause of action; and in his motion for a new trial "it is not sufficient to state  generally that the applicant's case is a meritorious one, but he must set forth under oath, not in general terms but. specifically, the facts upon which he claims such merits."   Contreras v. Haynes, 61 Texas, 106; Montgomery v. Carlton, 56 Texas, 434; Ward v. Cobbs, 14 Texas, 303, 304.

HENRY, ASSOCIATE JUSTICE.—The District Court for Brazos County convened the first Monday in September, 1888, which was the third day of the month, and its term by law is six weeks.   On the 30th day of August, 1888, four days before the court convened, appellant's counsel addressed the following letter to Ford & Doremus, attorneys for plaintiff:.
                    "NAVASOTA, TEXAS, August 30, 1888.
*"Messrs. Ford & Doremus, Bryan, Texas:*
   "GENTLEMEN—Please see Judge Henderson and get his permission to set Holliday v. Holliday for some day in the last week in September.    I shall leave early next week for the Panhandle to attend court, and can not tell how long I may be detained up there.   Please oblige me.
       "Yours, truly,
                            "J. E. PRESTON."
On the same day plaintiff's counsel wrote defendant's counsel as follows:
                    "BRYAN, TEXAS, August 30, 1888.
*"J. Earl Preston:*
   "DEAR SIR—We are willing to set the Holliday case if the judge will permit, which we think he will, at any time that will best suit your convenience during the first two weeks of court.   We want to try case; can not agree to a later date; or we will let the case come up on regular call, as may suit you best.
       "Yours, truly,
                            "FORD & DOREMUS."
On the first day of September plaintiff's counsel addressed the following letter to defendant's counsel:
                    "BRYAN, TEXAS, 9, 1, 1888.
*"J. Earl Preston, Attorney-at-Law:*
   "DEAR SIR—Yours to hand, and no doubt written before ours reached you.   We are willing to set some day during the first two weeks of court.

and will be willing that you suggest the day, otherwise we feel that the case should take its course on the docket. We want to dispose of this, case at this term of the court.

"Yours, etc.,

"FORD & DOREMUS."

September 3, 1888, defendant's counsel, in answer to the last foregoing letter from appallee's counsel, answered as follows:

"NAVASOTA, TEXAS, Sept. 3, 1888.

" *Messrs. Ford & Doremus, Bryan, Texas:*

"GENTLEMEN—I am in receipt of your favor in which you state that you are willing to set the Holliday v. Holliday for any day during the two first weeks. I have calculated my time closely and believe I can reach Bryan from the Panhandle on Saturday the fifteenth inst. I may not be able to get there before the arrival of the south bound train in the evening. If you should waive a jury please make the demand for us. I trust to your well known candor in this matter. Have written my client about this matter. I believe we can about get through the case Saturday evening. If possible I will be there Saturday morning.

" Truly yours,

"J. EARL PRESTON."

On the same day appellant's counsel wrote him the following letter:

NAVASOTA, TEXAS, September 3, 1888.

*Lon Holliday, Esq., Allen Farm, Texas:*

DEAR SIR—Holliday v. Holliday will be set for Saturday the 15th instant. Notify witnesses, and recollect that it will be next to impossible to get another continuance. If Mr. Harrington will not come, tender his fees. You will also have to pay $5 jury fee. Don't neglect this matter.

" Yours, truly,

"J. EARL PRESTON."

Both parties had filed their pleadings at a previous term. Appellant's pleadings if properly supported by evidence would have entitled him to recover the land in controversy.

The case, on the 10th day of September, 1888, was tried before a jury, resulting in a verdict and judgment in favor of plaintiff.

Neither the defendant nor his attorney appeared at the trial. The judgment recites that the plaintiff appeared by attorney and defendant "by his answer filed in this cause." The court charged the jury to find a verdict in favor of plaintiff for the land sued for, and further to find for plaintiff such rents if any as the evidence showed him entitled to.

The record does not contain a statement of facts. The defendant filed a motion for new trial, and affidavits for and against it were heard by the court. The above correspondence was made part of the motion.

It appears from affidavits heard by the court in connection with the

motion for new trial that when the case was called on the first day of the court, neither defendant nor his attorney being present, plaintiff's counsel called for a jury in behalf of defendant as requested; that the case was placed on the jury docket by the court, and that plaintiff's attorney requested the court to set the case for Saturday, September 15, but the judge declined to do so, stating that the jury docket would be disposed of before that time and that he did not feel authorized to hold a jury for the trial of this cause. The court set the case for September 10, and requested the attorney representing the plaintiff to notify defendant's attorney, which was done by the next mail.

It also appeared that appellant was at the place of holding the court on September 8, and was then informed by one of plaintiff's attorneys that the case was set for trial on the 10th and would no doubt be then tried, and that appellant left the place of holding the court, and on the 10th, the day of the trial, telegraphed to the judge, "Please pass my case until Preston can return from North Texas."

In connection with his motion for a new trial the defendant testified that he was sick on the day the case was tried and unable to attend the court, that his attendance at the trial was necessary and important, that he was a witness in his own behalf and the only witness within his knowledge of certain facts necessary and material to his defense, and that he was prevented from attending court and testifying in said cause by reason alone of his sickness. No fact sustaining defendant's pleadings or showing that he had a meritorious defense was in any manner shown in connection with the motion.

Defendant's attorney testified that he never received the letter mailed to him informing him that the case had been set for the 10th; that at the time the letter was written he was on his way to Haskell County, and the day the case was tried he was in the town of Haskell, three hundred and fifty miles away.

It does not appear from the record whether the case was or was not reached on regular call of the docket on or before the day on which it was tried. The defendant's attorney reached the court on the morning of the 15th of September, after the trial was over.

Appellant files eight assignments of error, substantially raising the points—

1. That there was error in trying the case on a day set by the court and plaintiff's counsel in the absence of defendant and his attorney and without notice to them.

2. That there was error in overruling defendant's motion for a new trial.

3. That it was error to charge the jury to find for plaintiff.

Plaintiff's attorneys in all of their communications and correspondence previous to their last letter had expressed their own willingness to have

the case set with, but not without the consent of the judge. Even without this reservation all parties were charged with knowledge that it could not be set without such consent.

This led defendant's attorney to request those of plaintiff to see the judge and procure his permission. The reply to this letter for the first time omitted mention of the condition, and for the first time agreed to a day. The defendant's attorney was fairly justified in concluding from the correspondence that the consent of the judge had been obtained. He did in fact, it seems, give it that construction and acted on it.

The defendant heard of the mistake only two days before the case was tried. On the day of the trial he was unable from sickness to attend it. Under all the circumstances we do not think he ought to be prejudiced either for not procuring another attorney or applying for a continuance. When a motion for a new trial is made on the ground that the party making it was not represented at the trial, or if present in person or by attorney on the ground that he had no pleadings filed making the issues on which his rights depended, the rule seems well established in this State that in addition to excusing his absence or failure to plead the party must also show by a sufficiently circumstantial statement that he has a meritorious cause of action or defense. Stating generally that he has a meritorious cause of action or defense is not sufficient. Enough should be stated, supported by affidavit, to show at least a prima facie case. Courts ought not in such cases set aside judgments rendered except upon a showing which if true and unexplained would change the result on a subsequent trial. Cowan v. Williams, 49 Texas, 397; Montgomery v. Carlton, 56 Texas, 431; Contreras v. Haynes, 61 Texas, 105.

We think that in this case the absence of the defendant and his attorney from the trial was sufficiently accounted for, and if he had in support of his motion for a new trial shown facts supporting his pleadings or constituting a meritorious defense not already plead, his motion ought to have been granted.

There being no statement of facts, and the plaintiff's petition showing a good cause of action, we can not hold that the court erred in charging the jury to find a verdict for plaintiff. We affirm the judgment.

*Affirmed.*

Opinion February 1, 1889.