### A. B. HAYWORTH v. J. C. ROGAN.

#### No. 6503.

1.  **County Judge's Compensation.**—Under section 45 of "Act to establish and maintain a system of public free schools" (Gen. Laws of 1884, p. 47), county judges were not entitled to commissions or compensation save upon the available public school money disbursed by them.

2.  **Same.**—The amendment to the Act of 1884 above cited, and enacted July, 1887 (Sayles' Civ. Stats., art. 3738), providing for compensation for county judges upon money of school fund "actually disbursed," can not be considered as a legislative admission to the effect that an actual disbursement was not contemplated in the act amended.

3.  **Disbursement.**—The word disbursement is not added to by the prefix actual. It imports of itself the actual disbursement.

4.  **Appeal from Justice Court—Waiver of Notice.**—Appeal from a judgment in a Justice Court can be perfected in vacation. An appellee attending the appellate court and appearing in the case can not complain of want of notice. The appearance is a waiver.

APPEAL from San Saba.   Tried below before Hon. A. W. Moursund. The opinion states the case.

*Burleson & Harris,* for appellant.—1.   The court erred in overruling motion to dismiss appeal from Justice Court, because the transcript showed no entry or proceeding of an appeal from said court.   The transcript is designed to show that jurisdiction has attached to the appellate court. Rev. Stats., art. 1640.

2.   The law of 1884, which was in force until the amendment of April 2, 1887, which took effect July 4, 1887 (Laws 1887, p. 8, sec. 4), did not make the payment of the county judge's commissions depend on the actual disbursement of the school fund by the county treasurer.   The law of 1884 simply provided that the county judge shall be entitled to the following compensation:   "For disbursement of $500 * * * said compensation shall be paid to the county judge by the county treasurer out of the public school fund upon approval of his voucher by the Commissioners Court."

The law as amended April 2, 1887, makes a complete and sweeping change, and provides:   "County judges shall be entitled to following compensation:   For $500 or less of the school fund actually disbursed by the county treasurer, $25 shall be allowed to such judge." It further provides such payments shall be made partially as follows, on or after third Mondays in February, May, and August, and makes the payments depend on other conditions, also not mentioned in the law of 1884.

We submit that the law of 1884 is the law by which the case should be decided, inasmuch as the matter in question is the county judge's compensation for disbursement of school fund for 1886 and 1887, which was allowed by the Commissioners Court and his vouchers for the same ap-

proved in October, 1886, and paid by the county treasurer on said vouchers in October, 1886.

The charge of the court follows the provisions of the amended law, which did not take effect until July 4, 1887, and makes the county judge's compensation dependent upon the actual disbursement of the school fund by the county treasurer, instead of disbursement by himself as provided by law of 1884..

Defendant held the office of county judge until December 20, 1886. All the labors and duties required of him by the law of 1884 pertaining to public schools for 1886–1887 had been necessarily performed before that date—fully discharged. Laws 1884, pp. 46 (secs. 40, 43, 45, 46), 48 (sec. 48), 54 (sec. 77), 55 (secs. 84, 85). "The laborer is worthy of his hire."

HOBBY, JUDGE.—This is an appeal from the judgment of the District Court of San Saba County, recovered by appellee Rogan, the county treasurer of that county and custodian of the public school fund, against A. B. Hayworth, a former county judge of the same county.

The suit originated in a Justice Court on March 15, 1887, and was for an amount claimed to have been paid to Hayworth upon vouchers approved by the Commissioners Court out of the public school fund by mistake and in excess of his legal compensation. A trial in the Justice Court resulted in a judgment for Hayworth. An appeal from this judgment by Rogan was entertained by the District Court, where a trial was had on December 2, 1887.

Hayworth moved to dismiss the appeal because the transcript of the justice showed no entry of notice of appeal nor the filing of an appeal bond, and no entry subsequent to the judgment. This motion was overruled. Trial was had by a jury; verdict and judgment was entered against Hayworth for the sum of $77. From this judgment he prosecutes this appeal.

One of the errors assigned involves the proper construction of section 45 of the "Act to establish and maintain a system of public free schools," etc., of 1884. Gen. Laws 1884, p. 47, sec. 45.

The available school fund belonging to the county of San Saba for the scholastic year ending in August, 1887, amounted to $10,850. When this amount was ascertained the county treasurer estimated the amount of commissions to which the county judge would be entitled at $165.

The law of 1884 then in force provided that "county judges shall be entitled to the following compensation: For disbursement of $500 or less of the school fund, $25; for disbursement of $500 and not exceeding $1000, $50 shall be allowed; for each additional $1000 or fractional part thereof, $10 shall be allowed, and 10 per cent on the salary thus allowed shall be added thereto."

This is to be paid to the county judge by the county treasurer out of

the school fund upon approval of his voucher by the Commissioners Court. Gen. Laws 1884, p. 47, sec. 45.

Section 46 of the same law provides that the county judge upon receipt of the amount allotted to the school fund of the county "shall add thereto the county fund, if any, and deduct his compensation and the commissions of the county treasurer and other lawful expenses, and apportion the remainder to the several school districts or communities," etc.

Allowing the county judge compensation on the $10,850 allotted to the county upon the basis prescribed in section 45 of the above act, his commissions amounted to $165, which was paid to him on properly approved vouchers between September, 1886, and December, 1887, by the treasurer.

But the amount of the fund disbursed for the scholastic period referred to of the $10,850 was only $3640, upon which, if the county judge's compensation be estimated under section 45, as before stated, he would be entitled to only $88.

By an act of the Legislature of April 2, 1887 (Gen. Laws, 1887, p. 123), section 45 of the Act of 1884 was amended, making material changes in the compensation allowed the county judge. But the only change made in the Act of 1884 which is pertinent to the question under consideration, because it may aid us in arriving at the proper construction of the first act, is that the compensation is made by the language of the Act of 1887 to depend on the "actual" disbursement of the school fund, whereas the amended section omits the word "actual." If this change is to be considered as a legislative construction of the Act of 1884, to the effect that it allowed compensation on the entire fund, although not actually disbursed, its effect is important.

Upon the trial of the cause the judge charged the jury in substance in the language of the Act of 1887—that is to say, that the compensation of the county judge was to be estimated by the amount of the school fund actually disbursed.

In this we think there was no error. The use of the word "actual" before disbursement in the law of 1887 was not a legislative admission or construction to the effect that an actual disbursement was not meant by the law of 1884. It was doubtless intended to arrest an incorrect practical construction of the law of 1884, as illustrated in the present case, which resulted in the allowance of compensation on the entire amount of the school fund apportioned by the State to the counties, whereas the compensation allowed by the statute was on the amount disbursed, which meant the amount paid out. Actual disbursement does not signify any more certainly the act of paying out the money than does disbursement.

Nor does section 46 of the Act of 1884 before cited authorize the construction that the compensation is to be allowed the county judge on the whole sum allotted or set apart to the county. That section merely in-

tended that he should take that amount as a basis upon which his commissions might be estimated, but the payment of the commissions was to be regulated by the fund disbursed. For example, in this case on the $10,850 his commissions would have been $165 under section 45, *supra*. This latter sum should have been placed in the treasury to the credit of that officer; but when it was ascertained at the end of the scholastic year that only $3640 of the $10,850 had been disbursed, then only $88 of the $165 could be paid that officer as his compensation. The balance ($77) would remain either to be paid as additional disbursements were made or to be added to the school fund when the next apportionment was made.

There is no error in the charge. It is manifest that under a fair and reasonable construction of the law the defendant (appellant here) could not in any event have been entitled to more than $88, and that the finding of the jury that he had received $77 in excess of that sum was correct.

There was no error in overruling the motion to dismiss the appeal. Appellant's appearance in the District Court dispensed with the necessity for any notice that appeal had been taken.

Under the Act of 1883 then in force (Gen. Laws of 1883, p. 91), amendatory of article 1639 of the Revised Statutes, no judgment could have been rendered against the appellee who had not appeared, unless it had been shown that notice of appeal was given. Appellee waived this by appearing. It was not necessary that this notice of appeal should appear in the transcript after the judgment, as the appeal under the statute could have been perfected in vacation.

There is no error in the judgment, and we think it should be affirmed.

*Affirmed.*

Adopted May 20, 1890.

### MOTION FOR REHEARING.

*Sidon Harris,* for motion.

*John W. Walters,* resisting.

Motion overruled June 24, 1890.