PAT McHugh ET AL. v. WILLIAM SPARKS.

Delivered December 12, 1896.

**Injunction—Judgment of Court—Remedy at Law.**
There being an adequate remedy at law by appeal or certiorari, an injunction will
not issue to restrain the execution of a judgment of a justice of the peace.

APPEAL from Motley.   Tried below before Hon. W. R. McGILL.

*W. M. Smith,* for appellants.

[No brief for appellee reached the Reporter.]

HUNTER, ASSOCIATE JUSTICE.—This appeal is prosecuted from a
final judgment of the District Court of Motley County perpetuating an
injunction against a judgment of a justice of the peace rendered by de-
fault against appellee in favor of Pat McHugh.

The petition alleges that on the 6th day of May, 1895, the judgment
for $100 damages was recovered in the Justice's Court, and within ten
days an appeal bond was filed with the justice and the appeal perfected
to the County Court, which bond, it is alleged, was in due form of law.
The justice transferred the papers, transcript and copy of orders to the
County Court in due time, and on the 5th day of August, 1895, the
County Court sustained a motion to dismiss the appeal, and it was dis-
missed; that no appeal lay to the Court of Civil Appeals from the judg-
ment of the County Court dismissing said appeal, and more than ninety
days from the date of the judgment to the date of dismissal of the ap-
peal had elapsed.   Plaintiff—appellee—then alleges that the citation
which was issued and served on him in the Justice's Court, upon which
the judgment by default was rendered, was fatally defective, in that it
did not show the file number of the suit in said Justice's Court; that he
appeared in the Justice's Court to make his defense to the action on the
day required by the citation, but was informed that judgment had been
rendered against him by default.   He then alleges that he had a good
legal and equitable defense to the suit, and believes that he would have
defeated the plaintiff if he had been permitted to interpose them; that
an execution had been issued on said judgment and was levied on cer-
tain property, which would be sold unless the constable and plaintiff in

the writ were enjoined, and that great and irreparable loss would befall him.    Then follows the usual prayer.

Upon this petition the district judge granted a temporary writ of injunction, which on final hearing was perpetuated.

A motion to dissolve the injunction was made by appellants pending the litigation, upon the ground, (1) that the complainant in the petition had an adequate remedy at law; (2) that the statute does not require citations from Justice's Courts to contain the file number of the suit; and (3) that the District Court had no jurisdiction to entertain the matters alleged.    This motion was overruled, and in a motion for new trial this action of the court was complained of, the motion for new trial overruled, and exception to the court's ruling thereon duly entered, with the notice of appeal, and error is assigned on the court's refusal to dissolve the injunction.

We think the motion to dissolve the temporary injunction should have been sustained, upon the ground that the complainant in the petition for the writ of injunction had an adequate remedy at law, in an appeal to the County Court, or by a writ of certiorari to the same court; and from the allegations in his petition it seems that he had attempted to pursue the remedy of appeal, but the County Court had dismissed his appeal, upon what ground does not appear, but we must presume for some defect in the appellate proceedings.    But it matters not here upon what ground it was dismissed.    It was his remedy, and if he frittered it away or lost the benefits of it by negligent and defective proceedings, or by the error of the County Court, it was his misfortune, and a court of equity in such cases can grant him no relief.

As the petition in this case shows affirmatively that plaintiff had an adequate remedy at law, and that no amendment of it can make it good, we therefore order that the judgment of the District Court herein be reversed and the cause dismissed.

*Reversed and dismissed.*