W. A. TALBERT v. ELIZABETH A. BARBOUR ET AL.

Delivered April 10, 1897.

1. Writ of Error—Defects—Waiver.

A defect in the citation in error is waived by defendant in error filing his brief in answer to the assignments of error without qualification, notwithstanding a motion at the same time to dismiss the writ of error.

2. Judgment—Error of Law—Remedy.

The proper remedy for an error of law appearing on the face of the record is by appeal or writ of error, and not by a suit to set aside the judgment.

ERROR from Callahan.   Tried below before Hon. T. H. CONNER.

*J. E. Thomas*, for plaintiff in error.

*F. S. Bell*, for defendants in error.

STEPHENS, ASSOCIATE JUSTICE.—On account of defects in the citation in error, the defendants in error filed a motion at the proper time to dismiss the writ of error, but at the same time made an unqualified appearance, by filing their brief in answer to the assignments of error.

The defects complained of would not warrant a dismissal of the writ of error, but would only have the effect of striking the case from the docket. Thompson v. Anderson, 82 Texas, 237.   That such defects can be waived is well settled, and there seems to be authority for holding an unqualified filing of briefs to amount to such waiver.   Schmidt v. Wright, 88 Ind., 57; Elliott's Appellate Procedure, sec. 448; Ricker, Lee & Co. v. Collins, 81 Texas, 662; Hayworth v. Rogan, 77 Texas, 362.

We do not therefore feel warranted in sustaining the motion to dismiss the writ of error.   Nor is it important, in the view we take of the case on the merits, that we should strike it from the docket.

The suit was one brought by the plaintiff in error to set aside a judgment rendered against him in favor of the defendants in error at a previous term of the court, solely for an error of law appearing on the face of the record—the judgment having been rendered upon an acceptance and waiver of process indorsed upon and filed with the petition during term time, in disregard of article 1349 of the Revised Statutes.   The remedy for such error is not a bill of review, such as plaintiff in error sought to avail himself of in this case, but an appeal or writ of error. Since the decision in Seguin v. Maverick, 24 Texas, 526, which seems directly in point, this has been the recognized mode of procedure in this State.   Yturri v. McLeod, 26 Texas, 84; Lewis v. San Antonio, 26 Texas, 316; Schleuning v. Duffy, 37 Texas, 527; Jones v. Parker, 67 Texas, 76. See also Hopkins v. Howard, 12 Texas, 7.

It has been held that if a defendant in a void judgment has neglected to avail himself of a legal remedy to vacate it, relief by injunction should be denied him.   Railway v. Ware, 74 Texas, 47; McHugh v. Sparks, 38 S. W. Rep., 537.

Nearly two years elapsed after the original judgment was rendered before this suit was brought; and it is not pretended that plaintiff in error did not know of the judgment during that time, but the contrary reasonably appears. His sole contention is that he had not by accepting service waived his right to defend the original action, which we readily concede; but his defense, whether technical or meritorious, should have been interposed in that suit by appeal or writ of error, instead of bringing a new suit, which fails to show either that he had any real defense to the original cause of action or was prevented from urging it therein.

Motion overruled and judgment affirmed.

*Affirmed.*