### KURTZ v. CARR. (No. 7160.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1924.)

**Judgment** ⊜⊃365—Facts held not to show abuse of discretion in trying case in defendant's absence sufficient to set aside judgment.

Facts *held* not to show abuse of discretion in hearing a personal injury action in defendant's absence sufficient to set aside a judgment.

Appeal from Tarrant County Court; H. O. Gossett, Judge.

Action by W. R. Carr against Joe Kurtz. Judgment for plaintiff, and defendant appeals. Affirmed.

William H. Crunk, of Dallas, for appellant.

Power, Dryden & Rawlings, of Fort Worth, for appellee.

COBBS, J. Appellee in this case adopts the statement of the nature and result of the case made by appellant, as follows:

"This suit was instituted in the justice court, precinct No. 2, Tarrant county, Tex., on the 8th day of January, A. D. 1923, by W R. Carr, against Joe Kurtz, appellant, for damages alleged to have been sustained to an automobile, owned and driven by W. R. Carr, alleging said damage to have been occasioned by the negligence of appellant, who was the owner of and who was driving a Dodge touring car, said negligence consisting of appellant's carelessly and negligently driving his said car into the car of appellee, W. R. Carr, damaging same in the sum of $195; that said collision and ac-

⊜⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cident occurred on what is known as 'the Fort Worth-Dallas Highway,' just west of the city of Arlington, in Tarrant county, at about 10 o'clock on the morning of October 25, 1922.

"To all these allegations appellant, on the 27th day of January, 1923, filed an answer consisting of general demurrer and general denial. A trial was had in said justice court on the 13th day of February, 1923, and judgment was entered in favor of appellee in the sum of, $125, from which judgment appellant perfected an appeal to the county court for civil cases in Tarrant county, Tex., and all the papers in said cause were by the justice transferred to said county court on the 3d day of March, 1923, and on the 6th day of March, 1923, same being appearance day in said court, said cause having been called for setting, the same was set down for trial for the 9th day of March, 1923. On the day said cause was set for trial, March 9th, the defendant (appellant) appeared and filed his application for continuance for the lack of the testimony and the presence of two witnesses. Said court after hearing said application postponed said cause and reset the same for trial for the 9th day of April, 1923, for 9 a. m.

"On said date, April 9, 1923, said cause was called for trial at 9 a. m., but, due to the absence of appellant at said hour, and appellee, who appeared and announced ready for trial, having received a telegram from appellant stating and showing a delay, and that said appellant would be there at or about 9:30 a. m., said cause was not immediately called for trial, but it was agreed by and between appellee and the court that the trial should be halted for a reasonable time, or until 9:30 a. m., and give appellant time in which to reach the courtroom, and it was so decided and ordered, and all manner of proceedings in connection therewith was halted pending appellant's (defendant's) arrival at 9:30 a. m., and it was ordered by the court that, if appellant had not then put in an appearance, that is, at 9:30 a. m., the trial should be had without appellant.

"When appellant and his attorney had not appeared at 9:30 a. m. the court ordered appellee to proceed without appellant, all of which was done, and the court granted to appellee judgment against appellant in the sum of $190.25, and for all costs. Said judgment was rendered after the court had heard the testimony of appellee, and no other witness was required to take the stand in support of any allegation or contention.

"The appellee, W. R. Carr, resides in Tarrant county, Tex., as does his attorney, James E. Dryden. Both appellant and his attorney reside in Dallas, Dallas county, Tex. The appellant and his attorney appeared in the courtroom at exactly 9:50 a. m. on the morning of the trial, and it was then learned that the court had proceeded with the trial of the case and judgment had been rendered in favor of appellee. Appellant then and there requested the court to recall the other parties and grant a new trial at said time, but was advised by the court that it would be necessary that a formal motion in writing be prepared, presented, and argued, during motion week in said court, commencing April 30, 1923. To this action of the court appellant then and there excepted, and on the following day, filed his exceptions with the clerk, and also filed with said clerk his formal motion for a new trial, and asked that the judgment be set aside.

"On May 1, 1923, appellant presented and argued before the court his amended motion for new trial, filed on April 28, 1923, said motion being by the court in all respects overruled and refused. Appellant has excepted, and in proper time and form brought this appeal."

On the motion to set aside the judgment appellant introduced no testimony nor attached any affidavit to his motion for a new trial to establish any facts alleged proper to satisfy the court. Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195.

This cause was set down for trial on Monday morning April 9th, at 9 o'clock a. m., all of which was known to appellant, and which he admits in his brief. When appellant did not appear at said time, appellee's counsel, after receiving the telegram from appellant, which stated that he would reach the courtroom at about 9:30 o'clock, prevailed upon the court to await until that time for appellant to arrive. At said time the court docket showed that there were about 15 cases set for trial on April 9th and about 15 cases set for trial on April 10th and 11th, respectively. The court refused to wait further on appellant, and had not appellee gone ahead and proved up his case he would have had to lose his place upon the docket, which would have been tantamount to a postponement or continuance of said cause, and that on said day and hour appellee had his witnesses in court prepared for said trial. Appellee's witnesses consisted of two witnesses from near Arlington, Tex., who would have testified as to who was at fault in causing the accident and collision in question, and two automobile mechanics, who were ready and willing to testify to the repairs made on said car.

Without further discussing the merits of the controversy, we fail to see wherein there was any abuse of the court's discretion. Appellee was just as much entitled to a trial of his case as was appellant. The court, at the request of appellee's counsel, held the case on call as long as the court thought in justice to other litigants he could afford to wait in the discharge of the people's business. Then he ordered the trial to be proceeded with. This fails to show any arbitrary action or abuse of discretion on the part of the court.

As said in the quotation in Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 199:

"Courts ought not in such cases set aside judgments rendered except upon a showing which if true and unexplained would change the result on a subsequent trial."

(261 S.W.)

The judgment in the justice court was for $125, from which the appeal was taken.

We overrule all the assignments of error as without merit, and affirm the judgment of the trial court.