ELLERD v. BURKHALTER.   (No. 1692.)

(Court of Civil Appeals of Texas. El Paso. Dec. 4, 1924.)

1. Appeal and error ⬗336(1)—Failure to name all parties adversely interested against plaintiffs in error not ground for dismissal of writ.

Writ of error will not be dismissed on ground that petition for error does not state names of all parties adversely interested to plaintiffs in error, where judgment for defendant in error is separate and distinct from judgment for other parties and upon an independent cause of action.

2. Appeal and error ⬗435—Person not joining in application for writ of error waived defects in writ by signing bond as principal, and subjecting himself to appellate court's jurisdiction.

Where only other person adversely affected by disposition of writ of error did not join in application for writ, and was not named as person adversely interested to petitioner, he waived defects in writ by appearing in, and subjecting himself to, appellate court's jurisdiction, and by signing cost bond as principal; such bond reciting that he and another brought error.

Error from District Court, El Paso County; B. Coldwell, Judge.

Action by D. W. Burkhalter against Reuben M. Ellerd and others. From a judgment for plaintiff, defendant Ellerd brings error. On motion to dismiss. Motion overruled.

W T. Brothers, of El Paso, for plaintiff in error.

J. F. Weeks and Julian P. Harrison, both of El Paso, for defendant in error.

HIGGINS, J. In the court below judgment was rendered as follows: In favor of D. W. Burkhalter against Reuben and Truman Ellerd, jointly, for $6,791.67; in favor of Mrs. Nellie Stewart, executrix of the estate of D. P. Stewart, deceased, against C. H. Boxberger, Will T. Spruill, D. W. Burkhalter, Reuben and Truman Ellerd, jointly and severally. for $1,250. Breedlove Smith was ordered to sell certain prop-

erty of which he was receiver, and pay the proceeds thereof to Mrs. Stewart in satisfaction of her judgment, and the balance to Burkhalter in satisfaction of his judgment, and the balance to Reuben Ellerd. The Ellerds had filed a cross-action against Burkhalter, and judgment was further rendered that they take nothing by such cross-action.

Reuben Ellerd filed a petition for writ of error, reciting the rendition of the judgment against him in favor of Burkhalter, and his desire to remove the same to this court for revision and correction, and that Burkhalter was the only person adversely interested to him in the cause. Accompanying his petition Reuben Ellerd filed a cost bond, reciting the recovery by Burkhalter of the judgment against Truman and Reuben Ellerd, from which judgment Truman and Reuben Ellerd had sued out a writ of error to this court, wherefore Reuben M. Ellerd, as principal, and ———— and ————, as sureties, bound themselves to pay to Burkhalter $300, conditioned that Truman and Reuben Ellerd, plaintiffs in error, would prosecute their writ of error with effect, and pay all costs which have accrued in the court below and which may accrue in the Court of Civil Appeals and the Supreme Court. This bond was signed by Truman Ellerd and Reuben Ellerd as principals, with three others as sureties, and was approved by the clerk of the court below.

Appearing specially for that purpose Burkhalter has filed a motion in this court to dismiss these proceedings because the petition for writ of error does not state the names of all the parties adversely interested to the plaintiffs in error, Truman and Reuben Ellerd, to wit: Boxberger, Mrs. Stewart and Breedlove Smith, the receiver, and because the last-named parties are not named as obligees in the cost bond and because said parties have not been served with citation in error.

[1] The judgment in favor of Burkhalter against the Ellerds is altogether separate and distinct from the judgment in favor of all the other parties to the judgment, and upon rights of action entirely independent of the cause of action upon which Burkhalter recovered his judgment. Boxberger, Spruill, Mrs. Stewart, and Smith are in nowise interested in the cause of action asserted by Burkhalter, nor in the recovery which he obtained. Their rights would not be in any wise affected by any action which this court might take with respect to the judgment which Burkhalter recovered against the Ellerds. Under these circumstances, the Ellerds had the right to abide by the judgment which was rendered in favor of the other parties to the suit, and bring up for review by writ of error only the judgment recovered against them by Burkhalter.

We are therefore of the opinion that the motion to dismiss should be overruled, upon the authority of Weems v. Watson, 91 Tex. 35, 40 S. W. 722, and Curlin v. Canadian, etc., 90 Tex. 376, 38 S. W. 766.

[2] Upon the record here presented the only person whose interest could be in any wise adversely affected by any disposition which might be made by this court of the writ of error proceeding is Truman Ellerd. He did not join in the application for the writ, nor is he named therein as a person adversely interested to the petitioner, Reuben Ellerd. But Truman Ellerd signed the writ of error cost bond, with recitals contained as indicated above, and by his action in so doing he has waived all imperfections in the writ of error proceedings, voluntarily made his appearance in this court, and subjected himself to its jurisdiction. Bingham v. Wyse, 14 Tex. 241; Hayworth v. Rogan, 77 Tex. 362, 14 S. W. 70; Morrison v. Lewis, 13 Tex. 64; Talbert v. Barbour, 16 Tex. Civ. App. 63, 40 S. W. 187

These latter observations concerning Truman Ellerd are made because ordinarily a defect in the petition for writ of error, such as is here noticed with respect to him, is a jurisdictional matter of which the court of its own motion should take cognizance. But Truman Ellerd is making no complaint, and for the reason indicated he has waived any objection which the court might otherwise, of its own motion, raise in his behalf, and has subjected himself to the jurisdiction of the court for the revision and correction of the judgment complained of by Reuben Ellerd.

The motion to dismiss will be overruled. The submission of this case heretofore made is set aside and postponed to a later date. Defendant in error is granted 30 days from this date within which he may file briefs.