## WILLIAMS v. ANDREWS et al.    (No. 1710.)

(Court of Civil Appeals of Texas. El Paso. March 12, 1925. Rehearing Denied April 9, 1925.)

**I. New trial ⚖️95—Refusal of motion for new trial, because neither defendant nor his counsel were present, held not improper.**

Motion for new trial because neither defendant nor his counsel were present at retrial, because they did not know mandate on former appeal had been returned, *held* properly refused, where it was not shown that they would have been present if advised of return of mandate, and defendant would have known thereof if he had paid costs taxed against him.

**2. New trial ⚖️86—Failure of intervener to notify defendant of return of mandate held not to require new trial.**

Failure of intervener to notify defendant's counsel of return of mandate on former appeal, as promised, *held* not to require grant of new trial, where there was no real contest between intervener and defendant.

Appeal from District Court, Comanche County; J. R. McClellan, Judge.

Action by P. W. Andrews and others against R. Q. Williams, as trustee and assignee. From order overruling motion for new trial after judgment for plaintiffs, defendant appeals. Affirmed.

Samuels & Brown and M. L. Swartzberg, all of Fort Worth, for appellant.

Jerome P. Kearby and Callaway & Callaway, all of Comanche, for appellees.

HIGGINS, J. This appeal is prosecuted by Williams, as sole trustee of the Manhattan Texas Petroleum Company and assignee of the Argonaut Oil Company, from a judgment rendered November 8, 1923, in favor of the appellee, Andrews, at a term of the district court of Comanche county which began on the 5th day of said month. This is the second appeal in the case; the former opinion being reported under the style of Andrews v. Manhattan Texas Petroleum Co., 252 S. W. 878. The exact date upon which the mandate was returned and filed in the lower court is not shown, but it was evidently just prior to the convening of the November term. Appellant's counsel were Brown & Samuels of Fort Worth. Upon the trial neither he nor his counsel were present. On November 21, 1923, appellant's counsel for the first time learned of the rendition of the judgment, whereupon they prepared and upon November 26th filed a

motion for new trial, which the court over-ruled after hearing the evidence offered in support thereof.

[1] The correctness of the court's action upon such motion is the only question presented by the appeal. In our opinion the court's action presents no error. In the first place the motion fails to aver that either appellant or his counsel would have been present had they been advised of the return of the mandate, and that the case would stand for retrial at the November term. It is by inference only that it can be assumed that they would have been present. It should have been affirmatively shown that they could have been present. Furthermore, it was incumbent upon appellant and his counsel to show that they were free from negligence in failing to appear. This, we think, the trial court was warranted in holding they failed to do.

Appellant's motion is grounded upon the fact that his counsel did not know the mandate of the appellate court upon the former appeal had been returned and filed. The costs upon the former appeal were taxed against appellant. The issuance of the mandate awaited the payment by him of the costs. On October 9, 1913, appellees' counsel addressed this letter to appellant's counsel:

"October 9th, 1923.

"Messrs. Samuels & Brown, Fort Worth, Texas—Gentlemen: Re P. W. Andrews v. Manhattan Texas Petroleum Company et al. I would again remind you that the costs of appeal in above case was taxed against appellees, and that same amount to $139.70. Are you going to force me to make a levy in order to collect this costs, or will you favor me with a check to cover the amount, as heretofore requested? I would appreciate a prompt response.

"Yours truly,
"[Signed]      Jerome P. Kearby."

To this letter no reply was made. The record fails to affirmatively disclose who paid the costs and procured the issuance of the mandate, but the reasonable inference is that appellee did so after he had been unable to get the appellant to do so. Now, if appellant had paid the costs as he should have done and as appellee was demanding he do, he would have known that the mandate would be issued and returned to the lower court. In our opinion, his dereliction in this matter evidences a disposition to delay. The appellee was within his rights in paying the costs and having the mandate returned so that the case might be retried at the November term.

[2] But appellant's counsel say they relied upon a letter to them of October 13, 1923, by attorneys for the intervener, Pat Arnold, wherein it was stated the mandate had not been returned, and promising to advise as soon as it was. It is shown that Arnold's at-torneys did not advise them of its subsequent return. Arnold, upon the face of the pleadings, was adversely interested to appellant, and we are aware that our courts have held that a motion for new trial should be granted where counsel's absence upon the trial was caused by the failure of adverse counsel to comply with a promise made to notify when the case was to be called for trial.

But the record in this case discloses that in truth there was no real contest between Arnold and appellant, and that their respective attorneys were working together in harmony. This is plainly shown by the correspondence between the attorneys for Arnold and appellant, and the further fact that the present appeal does not bring before this court for review that portion of the judgment in favor of Arnold. The cost and supersedeas bonds filed herein name Andrews as the sole obligee, and the recitals in the bonds show that the appeal is from those portions only in favor of appellee. It thus appears that appellant is willing to abide the judgment of the lower court in favor of Arnold. Ellerd v. Burkhalter (Tex. Civ. App.) 266 S. W. 582, and cases there cited.

There is nothing in this record to suggest that the appellee, Andrews, or his counsel, were in any wise responsible for the failure of appellant's counsel to be advised of the setting of the case for trial on November 8th. The failure of the attorneys for Arnold to give the information promised is no fault of the appellee. He should not be made to suffer for it. He had a right to have the case tried when it was called, and upon the true relation between Arnold and appellant as shown by the record the attorneys for Arnold must be regarded as the agents selected by appellant's counsel to keep them advised in the premises, and the consequences of any dereliction upon the part of the agents thus selected must be borne by appellant.

The granting of a motion for new trial in cases such as is here presented rests largely in the discretion of the trial court. Upon the record here reflected, we think the trial court was well warranted in overruling the motion. In support of this conclusion see, Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690; Lawther Grain Co. v. Winniford (Tex. Com. App.) 249 S. W. 195; Kurtz v. Carr (Tex. Civ. App.) 261 S. W. 479; Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546.

Affirmed.

### On Rehearing.

In the main opinion it is said the exact date upon which the mandate was returned and filed in the lower court is not shown. Appellant calls attention to the fact that the record shows it was filed October 31, 1923. With this correction the motion for rehearing is overruled.