**Ted RITTER, Appellant,**

v.

**Nanci A. Ritter WIGGINS, Appellee.**

**No. 3–87–164–CV.**

Court of Appeals of Texas, Austin.

Aug. 31, 1988.

Jody W. Sims, Fitzgerald, Meissner, Augustine & Gunter, Austin, for appellant.

Edwin J. (Ted) Terry, Jr., Austin, for appellee.

SHANNON, C.J., and GAMMAGE and ABOUSSIE, JJ.

## ON MOTION FOR REHEARING

SHANNON, Chief Justice.

The opinion handed down by this Court on April 6, 1988, is withdrawn and this opinion is filed in its place.

This is an appeal from a default judgment rendered by the district court of Travis County.

Appellee Nanci A. Ritter Wiggins filed a motion to modify a pre-existing child support order. Although Wiggins' former spouse, appellant Ted Lee Ritter, a resident of Oklahoma, was served, he made no appearance. After hearing, the district court signed the default judgment on April 30, 1987. The default judgment increased Ritter's child support from $200.00 to $1000.00 each month. Ritter filed a timely motion for new trial.

On December 30, 1980, the district court of Pontotoc County, Oklahoma signed a divorce decree terminating the marriage of Ted and Nanci Ritter. By its decree, the district court ordered appellant to pay $200 child support each month during the period that their one child, Elizabeth McKenzie, lived with her mother. Wiggins was not required to pay child support during the time that the child lived with Ritter.

The parties entered into several agreements during the period from 1980 to 1986 in which they altered the terms of child support obligations. The parties' agreements, however, were not court-approved.

Wiggins and the child moved to Austin. On December 29, 1986, Wiggins filed in the district court of Travis County, a "motion to modify" the 1980 Oklahoma divorce decree. The motion did not address Ritter's child support obligation; rather, it requested a modification of "the terms and conditions for access to or possession of the child." The court granted the motion by order of February 17, 1987.

On March 23, 1987, Wiggins filed another motion to modify the 1980 divorce decree. This motion requested a modification of Ritter's child support obligation. After Ritter failed to appear, the district court rendered the default judgment.

Ritter does not challenge the district court's authority to order him to pay child support or to modify the Oklahoma district court's child support order.

Ritter asserts on appeal that the district court erred in overruling his motion for new trial because the motion established that his failure to appear for trial was not intentional or the result of conscious indifference but rather was due to mistake or accident, that he had a meritorious defense to the lawsuit, and that a new trial would not prejudice appellee. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124 (1939). Ritter does *not* attack the default judgment upon the basis that Wiggins' motion to modify did not give him fair notice of the amount of the requested

increase in child support payments. *See Stoner v. Thompson*, 578 S.W.2d 679, 685 (Tex.1979).

The rules which govern the consideration of a motion for new trial to set aside a default judgment are well defined. A default judgment should be set aside and a new trial ordered in any case in which (1) the failure of the defendant to answer before judgment was not intentional, nor the result of conscious indifference, but was due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) the motion is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc., supra.*

As this Court understands, Wiggins only contests Ritter's assertion of a meritorious defense. Accordingly, the appeal is narrowed to the sole issue of whether Ritter's motion for new trial set up a meritorious defense.

The rule in *Craddock v. Sunshine Bus Lines, Inc., supra,* was restated and explained by the Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966). Concerning the requirement that the defaulting defendant must set up a "meritorious defense," Chief Justice Calvert carefully explained that the rule in *Craddock v. Sunshine Bus Lines, Inc., supra,* does not:

> require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it *"sets up* a meritorious defense." In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. [Emphasis in original].

The only relief which a defaulting defendant may obtain by filing a motion for new trial is a setting aside of the default judgment. After the default judgment is set aside, the suit pends on the trial court's docket for trial on the merits.

In *Ivy v. Carrell, supra,* Chief Justice Calvert emphasized the specific language of *Craddock:*

> a new trial should be granted to a defaulting defendant if his motion *"sets up* a meritorious defense."* This does not mean that the motion should be granted if it merely *alleges* that the defendant "has a meritorious defense." The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. *City of Fort Worth v. Gause*, 129 Tex. 25, 28, 101 S.W.2d 221, 222 (1937); *Holliday v. Holliday*, 72 Tex. 581, 10 S.W. 690 (1889); *Dowell v. Winters*, 20 Tex. 793, 794 (1858); *Foster v. Martin*, 20 Tex. 118, 119 (1857). [Emphasis in original].

In general, a "meritorious defense" has been defined as "a showing [of facts] which, if true and unexplained, would change the result on a subsequent trial." *Holliday v. Holliday, supra; Cragin v. Henderson County Oil Development Co.,* 280 S.W. 554 (Tex.Comm.App.1926, jdgmt adopted); *Baen–Bec, Inc. v. Tenhoopen,* 548 S.W.2d 799 (Tex.Civ.App.1977, no writ); *Farley v. Clark Equipment Co.,* 484 S.W. 2d 142 (Tex.Civ.App.1972, writ ref'd n.r.e.).

■ Ritter's motion for new trial asserts the following as a meritorious defense:

> [Wiggins'] cause of action is based on modification of a prior order and to this [Ritter] can and does set up the meritorious defense that no material or substantial change of circumstance of the child, the Managing Conservator, the Possessory Conservator or other person affected by the order to be modified exists. The facts contained in the affidavit of Ted Lee Ritter attached and incorporated herein by reference, establish such defense precluding ... [Wiggins'] recovery of her cause of action.

Attached to the motion for new trial is Ritter's affidavit which details the allegations in the motion. In that affidavit Ritter swore that no material and substantial change in circumstances had occurred since

the court's order of February 17, 1987, or since the last *agreement* between the parties that was signed in September of 1986.

Ritter insists that the quoted language from the motion for new trial, as explained by his affidavit, "set up" a meritorious defense to the motion to modify. This Court is unable to agree.

Ritter claims that there had been no material and substantial change in circumstances since the parties' last out-of-court agreement. Texas Family Code § 14.08(c) provides that "after a hearing the court may modify an *order* or portion of a *decree* that ... (2) provides for the support of a child...." Tex.Fam. Code Ann. § 14.08(a), (c) (Supp.1988). Because § 14.08(c) does not empower the divorce court to modify an *agreement* between the parties which is not court-approved, Ritter's denial of changed circumstances subsequent to the parties' agreement does not constitute a "meritorious defense."

■ We next turn to Ritter's claim that he asserted a meritorious defense by asserting in his affidavit that there had been no changed circumstances since the February 1987 order. This order did not provide for the support of the child but rather concerned access to the child. In *Bradshaw v. Billups*, 587 S.W.2d 61 (Tex.Civ. App.1979, no writ), a father filed a motion to modify a 1974 decree of divorce to require the mother to help support the child. The mother contended that an October 14, 1976 modification of the original divorce decree which did not concern child support obligations should serve as the beginning date of the relevant period for showing a material change in circumstances. The reviewing court disagreed and stated:

> Section 14.08, supra, expressly provides that the court may modify an order *or portion of a decree* that designates a managing conservator *or* provides for child support if the circumstances have materially and substantially changed since the entry of the order or decree. The 1976 order modified only a portion of the original 1974 decree. That modification did not require any child support payments from the mother. We hold

that the "relevant period" for measuring a change of circumstances, as to the mother's obligation to pay child support, begins on the date of the original decree. That is the decree which is being modified.

> When the relevant period is measured from the original 1974 decree to the hearing in 1978, the evidence is legally and factually sufficient to show a material and substantial change of circumstances of the child and her parents.

*Id.* at 62. [Emphasis in original].

Because the court order of February 1987 in this appeal did not concern child support obligations of the parties, the 1980 divorce decree must serve as the beginning date of the relevant period for showing a material change in conditions. The 1980 divorce decree is the order which Wiggins seeks to modify. Ritter merely asserted in his affidavit that there had been no substantial change since the February 1987 order. Accordingly, Ritter failed to "set up" the meritorious defense that no material change had taken place since the 1980 divorce decree.

■ Ritter also claims in his brief that the default judgment setting his new child support obligation failed to comply with the Supreme Court "Guidelines" for child support. The district court's claimed failure to comply with such "Guidelines" allegedly constituted a claimed meritorious defense.

In the context of a "meritorious defense", the role of the motion for new trial is one of *pleading* facts which in law would constitute a defense to the plaintiff's cause of action. The supporting affidavits, on the other hand, constitute the prima facie *proof* of the facts claimed to be a meritorious defense. *Ivy v. Carrell, supra* at 214.

The only reference to "meritorious defense" in Ritter's motion for new trial is found in paragraph three:

### III.

The Movant's cause of action is based on modification of a prior order and to this the Respondent can and does set up the meritorious defense that no material

or substantial change of circumstance of the child, the Managing Conservator, the Possessory Conservator or other person affected by the order to be modified exists. The facts contained in the affidavit of Ted Lee Ritter attached and incorporated herein by reference, establish *such defense* precluding the Movant's recovery on her cause of action. (Emphasis supplied)

The "meritorious defense" pleaded in the motion for new trial is that "no material or substantial change of circumstance of the child, the Managing Conservator, the Possessory Conservator or other person affected by the order to be modified exists." The motion then refers to Ritter's affidavit which is said to establish "such defense" (no changed circumstances). The affidavit does, in fact, aver that there had "been no substantial or material change in the condition of the child."

Ten days after the motion for new trial and supporting affidavit were filed, Ritter filed a second *affidavit.* In the second affidavit, Ritter asserted that the order increasing his child support did not comply with the Supreme Court's Guidelines. Ritter, however, *did not* assert such contention in his *motion for new trial. Ivy v. Carrell, supra.* Accordingly, even assuming that non-compliance with the Court's Guidelines constitutes a meritorious defense, Ritter failed to "set up" that defense in his motion for new trial. *Ivy v. Carrell, supra.*

The judgment is affirmed.

ABOUSSIE, J., not participating.