MARY'S OPINION HEADING 







                                                                                    NO. 12-03-00289-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RAY LUEBBE,                                                   §                 APPEAL FROM THE 294TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

LINN BOOTH AND EDIE BOOTH,
APPELLEES                                                      §                 VAN ZANDT COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            This is an appeal from a denial of a motion for new trial following the rendition of a post-
answer default judgment. Luebbe, in two issues, contends that the trial court erred in failing to grant
his motion for new trial and in awarding damages on two inconsistent theories of recovery. We
affirm.
 
Background
            The Booths breed and raise pure Arabian horses specially bred for their endurance. Luebbe
visited the Booth farm in Van Zandt County in May 2001. One week later, Luebbe telephoned the
Booths, and they entered into an agreement to artificially inseminate the Booth’s mare, BINT
AMIRAA, with semen from Luebbe’s stallion. Luebbe was to pay the Booths $5,000, $2,500 before
artificial insemination, and the resulting foal would be Luebbe’s. Luebbe sent his handwritten
agreement and two checks totaling $2,500. In his letter, Luebbe said he would like to pay $4,000
for a second foal sired by his stallion from another of the Booth’s mares, HAWLA BADIA. The
Booths telephoned Luebbe and accepted his proposal to breed the second mare. The Booths
deposited the two checks, returned their signed, printed copy of the agreement to Luebbe, took both
mares to the veterinarian in Gresham, and notified Luebbe to send his stallion’s semen to the
veterinarian. The semen arrived overnight and the veterinarian inseminated both mares, although
the Booths had not received the $2,000 advance payment to breed the second mare. Accompanying
the semen was a letter to the Booths in a separate Federal Express envelope. The veterinarian’s
assistant opened it by mistake, then called Edie Booth and read the letter to her. In the letter, Luebbe
said he had stopped payment on the checks because he had not received a printed contract signed by
the Booths at the time he sent the semen.
            Apparently Luebbe wanted to renegotiate the contract, while the Booths insisted on the fee
and conditions as originally agreed. Negotiations continued throughout the late spring and summer
without result.
            Meanwhile, one mare, HAWLA AL BADIA, had conceived at the first breeding; the other,
BINT AMIRAA, did not. Because of the ongoing discussions, the Booths extended the time to
rebreed HAWLA AL BADIA through the summer. When it became apparent that further talks
would be futile, it was too late in the summer to breed her that season.
            Luebbe refused to sign the documents necessary to register the foal that had been conceived. 
Without registration, the expected foal would have had relatively little value, and HAWLA AL
BADIA’s foal was aborted.
            Edie Booth testified that they had incurred a veterinarian’s bill of $1,008. They had lost
$4,000 because of the necessity of aborting the foal and $5,000 because of the lost last breeding
opportunity for twenty-four-year-old BINT AMIRAA.
            On April 16, 2002, almost a year after their initial agreement, the Booths filed two pro se
lawsuits in small claims court in Van Zandt County. The small claims court transferred the case to
the district court on October 4, 2002. On March 26, 2003, the district court set the now consolidated
cases for trial on May 28, 2003. On May 6, 2003, Luebbe’s attorney asked the permission of the
court to withdraw as Luebbe’s counsel, and as grounds for the motion stated, “I have sent several
letters to [Luebbe] asking him to respond, and I have not heard from him for several months.”
            On May 14 and May 20, 2003, Luebbe sent letters to the district court asking for a
continuance of the May 28, 2003 setting in order that he might retain counsel. The letters did not
set forth what efforts he had made to hire an attorney and they were not supported by affidavit. He
sent no copy to opposing counsel.
            At 2:59 p.m. on May 28, 2003, the court called the case for the third time. At the conclusion
of the hearing, the district court stated as follows:
 
All right. The Court takes notice in the Court’s file that this matter was set on the Court’s docket
March 26th, 2003 for a final hearing.
 
The Court did receive a request file marked May 14th, 2003 for Mr. Luebbe asking for a continuance. 
This matter was called at the docket this morning at 9:00 a.m. Mr. Luebbe not being present, the
Court reset this till 1:30.
 
Mr. Luebbe was to set up a telephone conference between 1:00 and 1:30 to discuss the motion for the
Court to consider the motion for continuance. No telephone conference being had, this case was called
at 1:30.
 
The same date, Mr. Luebbe not being present, the Court recalled this case at 3:00 p.m. Mr. Luebbe
still not being present, the Bailiff has called his name at the courthouse – courtroom door, there being
no answer, then the Court is going to grant judgment to the Plaintiffs for damages in the amount of
$10,000 – $10,008 and attorney’s fees in the amount of $1500.


            On June 26, 2003, Luebbe filed a motion for new trial contending that his failure to appear
was not intentional, and setting out his unsuccessful efforts to contact the district court between
11:00 a.m. and 11:30 a.m., Pacific Time from his lawyer’s office in Colville, Washington in order
to be heard on his motion for continuance.
            In his motion for new trial, Luebbe maintained that 
 
Movant has a meritorious defense. Movant has alleged and continues to assert that the alleged
contract upon which Plaintiffs base their action is outside the statute of frauds, is not actionable, and
that Plaintiffs have, in fact, breached their own contract and are not entitled to the relief they request.


Luebbe’s motion for new trial was overruled by operation of law.
 
Standard of Review and Applicable Law
            The denial of a motion for new trial is reviewable for abuse of discretion. Cliff v. Huggins,
724 S.W.2d 778, 778 (Tex. 1987). The requisites for setting aside a post-answer default judgment
are the same as those essential to set aside a no-answer default judgment. Director, State Employees
Workers’ Comp. Div. v. Evans, 889 S.W.2d 266, 268 (Tex. 1994). 
            The three requirements that must be shown by the movant in order to obtain a new trial are
found in the venerable case of Craddock v. Sunshine Bus Lines,


 134 Tex. 388, 133 S.W.2d 124,
126 (1939):
 
(1) the failure of the defendant to answer before judgment was not intentional, or the result of
conscious indifference on his part, but was due to a mistake or an accident, (2) provided the motion
for new trial sets up a meritorious defense, and (3) is filed at a time when the granting thereof will
occasion no delay or otherwise work an injury to the plaintiff.


Id. A meritorious defense is one, which, if proved, would cause a different result upon a retrial of
the case, although it need not be a totally opposite result. Holliday v. Holliday, 72 Tex. 581, 10
S.W. 690, 692 (1889); Jackson v. Mares, 802 S.W.2d 48, 51 (Tex. App.–Corpus Christi 1990, writ
denied). In Ivy v. Carrell, 407 S.W.2d 212 (Tex. 1966), the supreme court explained what is
required to “set up” a meritorious defense.
 
The motion must allege facts which in law would constitute a defense to the cause of action asserted
by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the
defendant has such meritorious defense.


Id. at 214 (emphasis added); see also Guar. Bank v. Thompson, 632 S.W.2d 338, 339 (Tex. 1982);
Jackson, 802 S.W.2d at 51. Conclusory allegations do not satisfy the meritorious defense
requirement of Craddock. See Stein v. Meachum, 748 S.W.2d 516, 518 (Tex. App.–Dallas 1988,
no writ) (citing Dallas Heating Co. v. Pardee, 561 S.W.2d 16, 20 (Tex. Civ. App.–Dallas 1977, writ
ref’d n.r.e.) and Boulware v. Sec. State Bank of Navasota, 598 S.W.2d 687, 689 (Tex. Civ.
App.–Houston [14th Dist.] 1980, writ ref’d n.r.e.)).
            In his motion for new trial, Luebbe stated only that “the alleged contract upon which [the
Booths] base their action is outside the statute of frauds. . . and that [the Booths] have, in fact,
breached their own contract.” Luebbe’s motion for new trial alleged no facts supported by affidavits
or other evidence that might support these conclusions. The affidavits accompanying Luebbe’s
motion do not relate to his claim of a meritorious defense, but deal solely with the difficulties he
experienced in contacting the court by telephone from Washington State regarding his motion for
continuance. Absent any evidence in his motion that a retrial would produce a different result,
Luebbe failed to set up a meritorious defense. The trial court did not err in overruling Luebbe’s
motion for new trial. Luebbe’s first issue is overruled.
 
Inconsistent Relief
            In his second issue, Luebbe maintains that by aborting the foal, the Booths effectively
rescinded the contract, and that the court’s award of damages “as a result of their recission is a
legally inconsistent remedy.” The Booths argue that the aborting of the foal was dictated by
Luebbe’s refusal to allow the foal to be registered. They contend that if the foal had been carried for
a full term, the resulting unregistered foal would have been of little value, additional expense would
have been incurred because of the foal, and yet another breeding opportunity would have been lost
to breed a valuable mare. The Booths contend that aborting the foal was not an act of recission, but
undertaken to reduce their losses from Luebbe’s breach and resulted in a mitigation of their damages.
            We need not determine the question, however, because Luebbe failed to raise the issue in the
trial court, or in his motion for new trial, and he cannot raise it for the first time on appeal. Error,
if any, was waived. See Tex. R. App. P. 33.1. Luebbe’s second issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
 
 
                                                                                                    BILL BASS 
                                                                                                            Justice
 
Opinion delivered July 14, 2004.
Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals,
Tyler, sitting by assignment.

(PUBLISH)